**Jeptha JENKINS, Sr., et al., Plaintiffs-Appellants,**

v.

**UNITED STATES DEPT. OF HOUSING & URBAN DEVELOPMENT, et al., Defendants-Appellees.**

**No. 85–7105.**

United States Court of Appeals, Eleventh Circuit.

Jan. 27, 1986.

Samuel F. Irby, Jr., Mobile, Ala., for plaintiffs-appellants.

Edward J. Vulevich, Asst. U.S. Atty., Mobile, Ala., Steven M. Rochlis, F.E.M.A. Regional Counsel, Atlanta, Ga., for defendants-appellees.

Before GODBOLD, Chief Judge, JOHNSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Plaintiffs' dwelling was insured against the peril of flood under a policy issued pursuant to the National Flood Insurance Act of 1968 and administered by the Federal Emergency Management Agency. As a result of Hurricane Frederick, in September 1979, the house was damaged by some combination of wind and water. Plaintiffs[1] reported their loss on November 5, 1979. Some three and one-half years later FEMA notified plaintiff that his claim for flood damage was denied because he had failed to file a proof of loss [within 60 days of loss] as required by the policy. Plaintiff filed suit[2] in September 1983 claiming bad faith, outrageous conduct, negligence, willfulness, oppressiveness, maliciousness, fraudulent conduct and recklessness in denial of his claim, and asserting damages of $50,000 for damages to his dwelling and other structures and personal property and loss of use of personal property, plus punitive damages. The district court granted summary judgment for defendants.

The thrust of plaintiff's appeal is that defendants waived the requirement of a proof of loss and are estopped by their conduct to insist upon a proof of loss. He relies upon *Quesada v. Director*, 577 F.Supp. 695 (S.D.Fla.1983), *aff'd* 753 F.2d 1011 (11th Cir.1985), in which the court stated:

> These cases, and those cited therein, hold that failure to file a Proof of Loss statement does not per se bar an action on a policy whereas here, the claimant can show he was affirmatively misled into thinking the filing was unnecessary by the conduct of the claims adjustor, and where there is no prejudice to insurer, and where it can be inferred that the insurer was otherwise on notice of the claim and of the information that would have appeared on the Proof of Loss.

*Id.* at 698. He relies also upon *Dempsey v. Director*, 549 F.Supp. 1334, 1339 (E.D.Ark. (1982), a suit on an FEMA policy, where the court said:

> The case law also supports a standard for allowing the use of estoppel against

---

1. Hereafter, in the singular for convenience.

2. Jurisdiction is based on 42 U.S.C. § 4072, which authorizes suit in federal district court upon disallowance of a claim filed under the National Flood Insurance Program. The record before this court was incomplete but it has been supplemented pursuant to a stipulation of the parties.

the government under circumstances where its conduct threatens to work a serious injustice and the public interest would not be seriously damaged.

We have examined the record and under the undisputed material facts the district court correctly granted summary judgment. Following is a chronology of events.

September 12, 1979: Loss

November 5, 1979 (on or about): Loss reported and assigned to GAB Business Services, Inc., adjuster Harris.

November 5, 1979 to January 25, 1980: Three visits to premises by Harris. Offer of settlement made by Harris, though no proof of loss had been signed. Harris reported that Jenkins was unwilling to discuss the claim.

_____, 1980 (but before March 26): File reassigned to adjuster Gunn.

March 24, 1980: Gunn prepared and submitted to Jenkins proof of loss showing amount of $1488.30, together with worksheets showing calculations. GAB had erred in amount by deducting two $200 deductibles instead of one. The correct amount should have been $1688.30. It is unclear whether GAB told Jenkins of this error before September 22, 1981.

March 26, 1980: Gunn reported that Jenkins would not sign proof of loss or discuss the matter further.

September 15, 1981: Attorney Irby, representing Jenkins, wrote GAB for information concerning Jenkins's claim.

September 22, 1981: GAB replied, stating that correct amount of loss was $1688.30; that it could not say whether insurer would honor the claim but would see if it was receptive to paying the $1688.30. The letter ends: "At present, we are holding our file in abeyance pending receipt of your decision."

December 1, 1981: Irby wrote GAB asking for information.

December 14, 1981: GAB wrote Irby, saying that it had received permission from the insurer to "again forward" a proof of loss and asked that it be signed and re-turned, and asking instructions on how to make out the payment. GAB stated that if the proof of loss were not received during that time, it would forward its report to the insurer and advise it that the proof of loss has not been returned. GAB says it sent another proof of loss with this letter.

January 7, 1982: GAB, having received nothing from Irby, wrote Irby saying the proof of loss had not been received and "placing our file on diary for a period of 10 days." GAB stated that if the proof of loss were not received during that time, it would forward its report to the insurer and advise it that the proof of loss had not been returned.

January 20, 1982: Meeting between manager Pope of GAB and Irby. Pope and Jenkins then met at Jenkins's residence to examine the damage.

January 21, 1982: GAB wrote Irby insisting that the original damage estimate was correct, that if Jenkins would sign the proof of loss and return it GAB would forward it to the insurer, but: "I cannot recommend any additional payment as the extent of damage at this time does not reflect any additional amount."

January _____, 1982 (date illegible, two digits): FEMA wrote Jenkins that it was informed by adjuster that Jenkins had not returned proof of loss, which was required to be submitted within 60 days from loss, and: "The failure to comply with this requirement could result in a denial of coverage unless such time is extended by the company in writing." The company then extended the time for 15 days "from the date of receipt of this letter." It stated: "Your failure to comply will be our reason for denying coverage."

June 18, 1982: Attorney Irby wrote insurer saying that GAB's offer of $1688.30 was unreasonable and asking status of the claim. This was four to four and one-half months after the 15-day extension of time to file a proof of loss.

September 9, 1982: Telephone conversation between FEMA and Irby. FEMA asked

for copy of Irby's letter of June 8 and he sent it.

March 9, 1983: FEMA wrote Irby stating that claim was denied for failure to comply with policy conditions.

April 11 and May 10, 1983: Irby wrote FEMA asking how to seek review of its denial.

September 2, 1983: Suit filed.

Cases are divided on whether failure to file a proof of loss on an FEMA policy is a per se condition precedent to suit or whether waiver and estoppel may be asserted. See discussion of authorities in *Dempsey.* In *Quesada* a district court of this circuit declined to follow a per se rule, as stated in the quoted language above. This court affirmed in an appeal in which waiver/estoppel is not included in the issues raised by FEMA. 753 F.2d at 1013.

In this case we decline to decide which rule is the law of this circuit, because even if estoppel or waiver is permitted, the facts support neither.

There is no basis on which to infer a waiver of a proof of loss. The first proof of loss was tendered by the adjuster in early 1980. The amount shown thereon was incorrect, but at a later time the figure was corrected. The record is unclear as to when Jenkins was told the figure was incorrect, but the correct figure was revealed in January 1982, if not sooner. On January 21, 1982, after Manager Pope and Jenkins examined the damage, GAB wrote giving notice that if Jenkins would sign the proof of loss and return it GAB would forward it to the insurer but without recommendation to pay any additional amount. In late January the FEMA wrote Jenkins pointing out the necessity for the proof of loss being filed and extending the time for filing for 15 days from the date of receipt of that letter. At that time the proof of loss was approximately two years overdue. These events show no intention to waive the requirement of a proof of loss but rather indicate insistence upon it. Neither Jenkins nor his attorney acted to file a proof of loss in any amount. Some four and one-half months later attorney Irby rejected the "offer" of $1688.30 as unreasonable.

The events do not support any inference that the defendants by their course of conduct so misled Jenkins that they are estopped. Defendants evaluated the loss at $1688.30, and from the beginning had furnished Jenkins with worksheets showing how the loss was calculated. Jenkins stood on his insistence that the loss was $30,000 or more and never filed any proof of loss setting out a loss in any amount. The actions of the adjusters and of FEMA were not such as to mislead him about the necessity of submitting a proof of loss.

The district court did not err, and its judgment is AFFIRMED.